UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECO ELECTRICAL SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>RELIAGUARD INC., et al.,<br><br>    Defendants. | No. C 20-00444 WHA<br><br>**OMNIBUS ORDER RE MOTIONS TO SEAL** |

This order addresses the motions to seal filed in connection with defendants' motions for summary judgment (Dkt. Nos. 117–119, 121).

1. **THE LEGAL STANDARD.**

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case," as they are here, may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).

In addition, sealing motions filed in this district must contain a specific statement that explains: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not

sufficient. The material requested to be sealed must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c). For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information because it "is not necessary to the public's understanding of the case." *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

Finally, "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

2. **PLAINTIFF'S OPPOSITION TO DEFENDANT MAYDWELL & HARTZELL'S MOTION FOR SUMMARY JUDGMENT.**

Here, plaintiff, with defendants' support, filed conditionally under seal certain material supporting its oppositions to defendants' motion for partial summary judgment (Dkt. Nos. 117–18). Defendants filed a declaration in support of sealing these documents (Dkt. No. 124). The sealing requests that this order grants are narrowly tailored. This order rules as follows:

| **Document Sought to be Sealed** | **Result** | **Reasoning** |
|---|---|---|
| Exhibit 2 (RG006549-50) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary | DENIED. | The email goes to the very heart of this litigation, so there is a particularly strong presumption of public visibility. Further, the email discusses the relationship between M&H and Reliaguard at a high level of abstraction. Defendants have failed to adequately explain how these general statements would result in the kind |

2

| | | | |
|---|---|---|---|
| Judgment (Dkt. No. 120-4). | | | of serious harm to Reliaguard's competitive standing that would justify sealing at this stage. The request is also overbroad and not narrowly tailored. <br><br> The request is denied without prejudice. Should counsel resubmit narrowly tailored redactions directed at the portions of the email discussing individuals and utilities not at issue in this case, the Court will entertain a subsequent motion. |
| Exhibit 3 (MH007-13) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-4). | DENIED. | | Defendants did not file a declaration in support of the motion to seal this exhibit. Civ. L.R. 79-5. |
| Exhibit 13 (RG006998-7002) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-4). | GRANTED as to the requested material including photograph attachments. Otherwise DENIED. | | The photographs attached to the text messages, depicting the prototype of a product not at issue in this case, contains specific and detailed confidential information, the public disclosure of which could cause Reliaguard competitive harm (Cart Decl. ¶ 3). Thus, the photograph attachments may be redacted. <br><br> But, should this information become relevant at trial or otherwise, the public interest may increase, perhaps leading to a different decision on future sealing requests. <br><br> The remainder of the exhibit does not implicate the material sought be sealed. Only the photographs may be redacted. |
| Exhibit 16 (RG005220-21) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant | GRANTED as to the requested material. Otherwise DENIED. | | Defendants do not object to this exhibit being publicly filed (Cart Decl. ¶ 4). The contact information of PG&E employees may be redacted. |

3

| | | |
|---|---|---|
| Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-4). | | |
| Exhibit 18 (RG001789-90) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-4). | DENIED. | The price of Reliaguard's cutout cover in 2018 goes to the heart of this litigation, which counsels against sealing.  Defendants have also failed to adequately explain why pricing information from four years ago would result in the kind of serious competitive harm that would justify sealing.  Simply being marked as highly confidential is insufficient. <br><br> The request is also overbroad and not narrowly tailored.  Defendants have failed to explain why the remainder of the exhibit, which appears to focus on Eco's products, implicates Reliaguard's confidential information. |
| Exhibit 32 (PGE002563-65) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-5). | GRANTED. | Contains specific and detailed confidential information, the public disclosure of which could cause Reliaguard competitive harm (Cart Decl. ¶ 6).  But, should this information become relevant at trial or otherwise, the public interest may increase, perhaps leading to a different decision on future sealing requests. |
| Exhibit 39 (RG006384-86) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-5). | DENIED. | *See entry for Exhibit 18 (RG001789-90).* |
| Exhibit 40 (RG006425-26) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant | DENIED. | *See entry for Exhibit 18 (RG001789-90).* <br><br> The request is also overbroad.  Should counsel assert narrowly tailored redactions targeting the pricing information of |

4

| | | |
|---|---|---|
| Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-5). | | products not at issue in this litigation, the Court will entertain a subsequent motion. |
| Exhibit 58 (MH001895-953) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-5). | DENIED. | Defendants did not file a declaration in support of the motion to seal this exhibit. Civ. L.R. 79-5. |
| Exhibit 69 (RG003502-04) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-6). | GRANTED. | Contains specific and detailed confidential information, the public disclosure of which could cause Reliaguard competitive harm (Cart Decl. ¶ 9). Moreover, this information appears to be only tangentially relevant to the issues in this case.<br><br>But, should this information become relevant at trial or otherwise, the public interest may increase, perhaps leading to a different decision on future sealing requests. |
| Exhibit 70 (RG003534-36) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-6). | GRANTED. | *See entry for Exhibit 69 (RG003502-04).* |
| Exhibit 75 (RG005394-400) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-6). | DENIED. | The exhibit's references to outside vendor product approval processes go to the heart of this litigation, which counsels against sealing. The request is also overbroad and not narrowly tailored.<br><br>The request is denied without prejudice. Should counsel resubmit narrowly tailored redactions, the Court will entertain a subsequent motion. |

| | | |
|---|---|---|
| Exhibit 77 (RG005183-88) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-7). | DENIED. | Defendants' justification for sealing is barebones and conclusory (Cart Decl. ¶ 12). The request is denied without prejudice. Should counsel resubmit narrowly tailored redactions, the Court will entertain a subsequent motion. |
| Exhibit 78 (PGE002292-301) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-7). | GRANTED. | *See entry for Exhibit 69 (RG003502-04).* |
| Exhibit 79 (RG005169-74) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-7). | GRANTED. | *See entry for Exhibit 69 (RG003502-04).* |
| Exhibit 80 (RG005761-73) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-7). | GRANTED. | *See entry for Exhibit 69 (RG003502-04).* |
| Exhibit 81 (RG003588-92) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's | DENIED. | The portions of this exhibit illustrating the relationship between PG&E employees and Reliaguard go to the heart of this litigation, which counsels against sealing. The request is also overbroad and not narrowly tailored. |

| | | |
|---|---|---|
| Motion for Summary Judgment (Dkt. No. 120-7). | | The request is denied without prejudice. Should counsel resubmit narrowly tailored redactions, the Court will entertain a subsequent motion. |
| Pages 317-318, 327-332, 334, 352, and Exhibits 369, 462, and 463 of Exhibit 92 (Jacobsen Depo.) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-7). | GRANTED as to the requested material involving identity of raw material supplier. Otherwise DENIED. | The identity of Reliaguard's raw material supplier is confidential information, the public disclosure of which could cause Reliaguard competitive harm (Cart Decl. ¶ 18).

However, the request is overbroad and not narrowly tailored. Only the portions *directly* referencing the supplier's name may be sealed.

This order forewarns defendants, however, that should this information become relevant at trial or otherwise, the public interest may increase, perhaps leading to a different decision on future sealing requests. |
| Page 11:5 of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120). | DENIED. | *See entry for Exhibit 18 (RG001789-90).* |
| Page 12:16–20 of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120). | GRANTED. | *See entry for Exhibit 32 (PGE002563-65).* |
| Page 13:10–11 of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120). | DENIED. | *See entry for Exhibit 18 (RG001789-90).* |
| Page 13:14–16 of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary | DENIED. | *See entry for Exhibit 18 (RG001789-90).* |

| | | |
|---|---|---|
| Judgment (Dkt. No. 120). | | |
| Pages 18:6–7 of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120). | DENIED. | Defendants have not provided a compelling reason that would justify sealing this vague and general statement. Civ. L.R. 79-5. |
| Page 18:18–19 of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120). | DENIED. | *See entry for Exhibit 2 (RG006549-50).* |
| Pages 23:12 of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120). | DENIED. | *See entry for Exhibit 2 (RG006549-50).* |
| Pages 25:23 of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120). | DENIED. | *See entry for Exhibit 2 (RG006549-50).* |

3.  **PLAINTIFF'S OPPOSITION TO DEFENDANTS RELIAGUARD AND GREENJACKET'S MOTION FOR SUMMARY JUDGMENT.**

Here, plaintiff, with defendants' support, filed conditionally under seal certain material supporting its oppositions to defendants' motion for partial summary judgment (Dkt. Nos. 119, 121). Defendants filed declarations in support of sealing these documents (Dkt. Nos. 125). The sealing requests that this order grants are narrowly tailored. This order rules as follows:

| **Document Sought to be Sealed** | **Result** | **Reasoning** |
|---|---|---|
| Exhibit 11 (RG006965-97) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition | GRANTED as to the requested material including | The photographs attached to the text messages, depicting the prototype of a product not at issue in this case, contains specific and detailed confidential information, the public disclosure of which |

8

| | | |
|---|---|---|
| to Defendants Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122-4). | photograph attachments. Otherwise DENIED. | could cause Reliaguard competitive harm (Cart Decl. ¶ 2).  Thus, the photograph attachments may be redacted.  But, should this information become relevant at trial or otherwise, the public interest may increase, perhaps leading to a different decision on future sealing requests.<br><br>The remainder of the exhibit does not implicate the material sought be sealed. Only the photographs may be redacted (*ibid.*). |
| Exhibit 26 (RG000241-46) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendants Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122-5). | DENIED. | This exhibit is relevant to the heart of this litigation, so there is a particularly strong presumption of public visibility.  Further, the email discusses the development timeline at a high level of abstraction. Defendants have failed to explain how these general statements would result in the kind of serious harm to Reliaguard's competitive standing that would justify sealing at this stage.<br><br>The request is denied without prejudice. Should counsel resubmit narrowly tailored redactions, the Court will entertain a subsequent motion. |
| Exhibit 30 (RG006062-65) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendants Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122-5). | DENIED. | *See entry above for Exhibit 18 (RG001789-90) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-4).* |
| Exhibit 33 (RG006998-7002) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendants Reliaguard, Inc. and | GRANTED as to the requested material including photograph attachments. | *See entry for Exhibit 11 (RG006965-97).* |

| | | |
|---|---|---|
| Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122-5). | Otherwise DENIED. | |
| Exhibit 97 (RG005220-21) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendants Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122-7). | GRANTED as to the requested material. Otherwise DENIED. | Defendants do not object to this exhibit being publicly filed (Cart Decl. ¶ 6). The contact information of PG&E employees may be redacted. |
| Exhibit 102 (RG006549-50) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendants Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122-8). | DENIED. | *See entry above for Exhibit 2 (RG006549-50) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-4).* |
| Exhibit 111 (Jacobsen Depo.) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendants Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122-8). | DENIED. | Defendants do not object to filing this exhibit publicly (Cart Decl. ¶ 8). |
| Exhibit 112 (Jacobsen Depo.) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendants Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary | GRANTED as to the requested material involving identity of raw material supplier. | *See entry above for Exhibit 92 to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-4).* |

10

| | | |
|---|---|---|
| Judgment (Dkt. No. 122-8). | Otherwise DENIED. | |
| Pages 11:15 of Plaintiff's Opposition to Defendant Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122). | DENIED. | Defendants did not file a supporting declaration. Civ. L.R. 79-5. The request is denied. Should counsel assert narrowly tailored redactions, the Court will entertain a subsequent motion. |
| Pages 11:24–12.2: of Plaintiff's Opposition to Defendant Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122). | DENIED. | *See entry for Exhibit 26 (RG000241-46).* |
| Pages 12:4–5 of Plaintiff's Opposition to Defendant Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122). | DENIED. | *See entry for Exhibit 26 (RG000241-46).* |
| Pages 12:20–21 of Plaintiff's Opposition to Defendant Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122). | DENIED. | *See entry for Exhibit 30 (RG006062-65).* |
| Pages 18:24–25 of Plaintiff's Opposition to Defendant Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122). | GRANTED with respect to the requested material. Otherwise, DENIED. | *See entry for Exhibit 112.* |
| Page 19 n.18 of Plaintiff's Opposition to Defendant Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary | DENIED. | *See entry for Exhibit 112.* |

11

| | | |
|---|---|---|
| Judgment (Dkt. No. 122). | | |
| Page 21:18 of Plaintiff's Opposition to Defendant Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122). | DENIED. | *See entry above for Exhibit 2 (RG006549-50) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-4).* |
| Pages 21:20–22:7 of Plaintiff's Opposition to Defendant Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122). | DENIED. | *See entry above for Exhibit 2 (RG006549-50) to the Declaration of Cheryl A. Noll in Support of Plaintiff's Opposition to Defendant Maydwell & Hartzell's Motion for Summary Judgment (Dkt. No. 120-4).* |
| Page 28:6 of Plaintiff's Opposition to Defendant Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122). | DENIED. | The proposed redactions do not implicate defendants' justification for sealing the cited exhibit. Further, this information is relevant to the merits, which counsels against sealing. |
| Page 28:11–12 of Plaintiff's Opposition to Defendant Reliaguard, Inc. and Greenjacket, Inc.'s Motion for Summary Judgment (Dkt. No. 122). | DENIED. | *See entry re proposed redaction on page 28:6.* |

4. **CONCLUSION.**

Within **TWENTY-EIGHT DAYS** of the date of this order, the parties must file documents in full compliance with this order. To repeat, should any sealed information become relevant at trial or otherwise, the public interest may increase, perhaps leading to a different decision on future sealing requests.

12

**IT IS SO ORDERED.**

Dated: June 22, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE