UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ECO ELECTRICAL SYSTEMS, LLC,

    Plaintiff,

v.

RELIAGUARD INC., et al.,

    Defendants.

No. C 20-00444 WHA

**MEMORANDUM OPINION ON SUPPLEMENTATION**

Supplementation under FRCP 26(e) is designed to allow parties to correct mistakes and misleading omissions in previously submitted disclosures and responses. It is not a new opportunity to submit a completely revamped expert report. *See Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 836 (9th Cir. 2011). Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset)," and allowing supplementary reports to preliminary reports means "there would be no finality to expert reports." *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 983–84 (N.D. Cal. 2014) (Judge Thelton E. Henderson) (citation omitted). This is why the case management order delineated the process through which all expert issues may be vetted by both sides or be precluded, a system that has worked well for the undersigned over the past 23 years (Dkt. No. 63 ¶¶ 3–5). "Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they

must be allowed to enforce them, unless there are good reasons not to." *Wong v. Regents of the Univ. of Cal.*, 379 F.3d 1097, 1105 (9th Cir. 2004).

Proper supplementation includes replacing damages estimates with real data that becomes available only after the expert report was served. In our case, plaintiff's damages expert originally made an estimate of sales for PG&E's use during the remainder of 2021 and all of 2022. This was because the report was done in 2021 and an estimate was necessary. Now that 2022 has come and gone, those estimates can and should be replaced or "supplemented" with the actual sales data. Supplementation, however, in no way includes adding yet more damages periods not previously calculated. Therefore, all additional periods shall be stricken from plaintiff's damages report. Plaintiff must update for 2021 and 2022 to use the real data. This should be the only change.

If plaintiff wishes to enlarge the damages period, a formal motion will be required.

**IT IS SO ORDERED.**

Dated: March 14, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE